UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL WAGNER, ET AL., **Plaintiffs** | CIVIL ACTION |
| VERSUS | NO. 19-2721 |
| GARY REISS, ET AL., **Defendants** | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is a motion to remand this case to the Twenty-Fourth Judicial District for the Parish of Jefferson, filed by Plaintiffs Michael Wagner and Courtney Wagner, individually and on behalf of their minor children, W.W. and L.W.[1] Defendants Mederi RF, LLC ("Mederi") and Dr. Mark Noar oppose.[2] For the following reasons, the Court **DENIES** the motion to remand.

## BACKGROUND

Plaintiffs allege Michael Wagner underwent a procedure known as Stretta to treat his gastroesophageal reflux disease.[3] The procedure was performed by Dr. Gary Reiss.[4] Plaintiffs allege that, as a result of the Stretta procedure, Michael Wagner developed gastroparesis.[5] They allege Mederi "and/or" Dr. Noar are "primarily responsible for designing, testing, taking to market, marketing, promoting, selling, labeling, formulating warnings and/or distributing Stretta."[6]

---

[1] R. Doc. 11.
[2] R. Doc. 19.
[3] R. Doc. 1-1 at 2.
[4] *Id.* at 3.
[5] *Id.* at 2.
[6] *Id.* at 4.

1

Plaintiffs allege that, on December 28, 2018, they "filed a proposed complaint and request for a medical review panel with the State of Louisiana, Division of Administration in accordance with the applicable statutes of the State of Louisiana."[7] They do not allege a medical review panel has rendered an opinion in their case. Defendants allege that, as of March 7, 2019, no medical review panel had been convened.[8]

Plaintiffs filed the instant suit on February 4, 2019 against Mederi and Drs. Reiss and Noar in the Twenty-Fourth Judicial District for the Parish of Jefferson.[9] Plaintiffs allege Michael Wagner is entitled to damages for the injuries he suffered.[10] Plaintiffs allege Courtney Wagner and their minor children W.W. and L.W. are entitled to damages for loss of service and society.[11] Plaintiffs allege Defendants are liable for negligence under article 2315 of the Louisiana Civil Code.[12]

On March 21, 2019, Mederi and Dr. Noar removed the case to this Court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[13] Plaintiffs represent they are Louisiana domiciliaries.[14] In their Notice of Removal, Mederi and Dr. Noar represent Mederi is a citizen of Texas because it is a limited liability company, the sole member of which is Debra Krahel, a Texas domiciliary.[15] Mederi and Dr. Noar represent Dr. Noar is a Maryland domiciliary.[16] They represent Dr. Reiss is a Louisiana citizen, but argue his presence in the case does not destroy complete diversity because he is improperly joined.[17]

---

[7] *Id.* at 7.
[8] R. Doc. 1 at 5.
[9] R. Doc. 1-1.
[10] *Id.* at 3.
[11] *Id.*
[12] *Id.* at 7.
[13] R. Doc. 1.
[14] R. Doc. 1-1 at 1.
[15] R. Doc. 7 at 1–2.
[16] R. Doc. 1 at 3.
[17] *Id.* at 4.

On April 15, 2019, Plaintiffs filed the instant motion.[18] They argue the Court should remand this case to state court because Dr. Reiss destroys complete diversity of citizenship.[19] Mederi and Dr. Noar oppose.[20]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[21] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.[22] If these requirements are met, a defendant generally may remove the action originally filed in state court to federal court.[23]

If a non-diverse defendant has been improperly joined, a defendant may nonetheless remove the action, and that defendant's citizenship is disregarded for purposes of determining whether the federal court has diversity jurisdiction.[24] "To establish a claim for improper joinder, the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[25] "The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[26] "In determining the validity of an allegation of improper joinder, the

---

[18] R. Doc. 11.
[19] R. Doc. 11-1.
[20] R. Doc. 19.
[21] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[22] 28 U.S.C. § 1332(a).
[23] *See* 28 U.S.C. § 1441(a).
[24] *See Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465 (E.D. La. Oct. 7, 2014).
[25] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).
[26] *Id.* at *2 (citing *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[27] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[28]

"Jurisdictional facts are determined at the time of removal, not by subsequent events."[29] "Thus, to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal*."[30]

## **LAW AND ANALYSIS**

In their state court petition, Plaintiffs state Defendants are liable for negligence under article 2315 of the Louisiana Civil Code.[31] The Louisiana Medical Malpractice Act ("LMMA")[32] imposes "limitations on tort liability for a qualified health care provider . . . to claims arising from medical malpractice."[33] The LMMA defines malpractice, in relevant part, as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient."[34] The LMMA applies to Plaintiffs' claim against Dr. Reiss because the claim arises from Dr. Reiss' alleged negligence in administering the Stretta procedure.

---

[27] *Id.* (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[28] *Smallwood*, 385 F.3d at 573.
[29] *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir.2014).
[30] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136–37 (5th Cir. 2016) (en banc).
[31] R. Doc. 1-1 at 7.
[32] LA. REV. STAT. § 40:1231.1 *et seq.*
[33] *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 2007-0008 (La. 9/5/07), 966 So. 2d 519, 524 (internal quotation marks omitted).
[34] LA. REV. STAT. § 40:1231.1(A)(13).

4

The LMMA provides, "No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel."[35] The Louisiana Supreme Court has explained this requirement as follows:

> [N]o action for malpractice against a qualified health care provider, or his insurer, may be commenced in any court prior to submission of the complaint to a medical review panel and the panel has rendered its expert opinion on the merits of the complaint, unless this requirement is waived by the parties' agreement.[36]

In *Flagg v. Stryker Corp.*, the plaintiff alleged a toe implant surgery was unsuccessful and caused him pain.[37] He brought suit against his healthcare providers and the manufacturers of the implant.[38] He failed to submit his claim against his healthcare providers to a medical review panel before filing suit.[39] The Fifth Circuit, sitting *en banc*, held a plaintiff's claim under the LMMA "must be dismissed without prejudice if the plaintiff fails to satisfy this exhaustion requirement before filing suit."[40] Because the plaintiff could not establish a cause of action against his healthcare providers, the plaintiff improperly joined the healthcare providers as defendants.

Similarly, in this case, Plaintiffs did not satisfy the LMMA's exhaustion requirement before filing suit. As a result, Plaintiffs cannot establish a cause of action against Dr. Reiss. Dr. Reiss was improperly joined, and his presence in the case does not destroy complete diversity. The Court denies Plaintiffs' motion to remand.

---

[35] LA. REV. STAT. § 40:1231.8(B)(1)(a)(i).
[36] *Delcambre v. Blood Sys., Inc.*, 2004-0561 (La. 1/19/05), 893 So. 2d 23, 27.
[37] 819 F.3d at 134.
[38] *Id.*
[39] *Id.* at 135.
[40] *Id.* at 138 (citations and internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to remand this case to the Twenty-Fourth Judicial District for the Parish of Jefferson, filed by Plaintiffs Michael Wagner and Courtney Wagner, individually and on behalf of their minor children, W.W. and L.W., be and hereby is **DENIED**.[41]

**New Orleans, Louisiana, this 15th day of May, 2019.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. 11.