# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| MICHAEL WAGNER, ET AL., **Plaintiffs** | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-2721 |
| GARY REISS, ET AL., **Defendants** | SECTION "E" (4) |

## ORDER AND REASONS

Defendant Mederi Theraputics, Inc. ("Mederi") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In response, Plaintiffs filed an amended complaint.[2] Mederi then filed a reurged Motion to Dismiss.[3] Defendants' original motion to dismiss is **DENIED** as moot. For the following reasons, Defendants reurged motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This action stems from the alleged medical complications Plaintiff Michael Wagner developed after undergoing a procedure known as "Stretta" on February 21, 2018, to treat his gastroesophageal reflux disease.[4] On February 4, 2019, Michael Wagner and Courtney Wagner, individually and on behalf of their minor children, filed a negligence claim in the 24th Judicial District Court for the Parish of Jefferson against Wagner's treating physician who performed the procedure, Dr. Gary Reiss; a manufacturer, Mederi Theraputics, Inc. ("Mederi")[5]; and a Stretta proponent, Dr. Mark Noar.[6] On March 21,

---

[1] R. Doc. 40.
[2] R. Doc. 43-1.
[3] R. Doc. 45. Plaintiffs oppose both motions. R Doc. 41; R. Doc 46. Mederi filed a reply to the reurged motion. R. Doc. 49.
[4] R. Doc. 1-1 ¶¶ 2, 6–7.
[5] Mederi Therapeutics replaced Mederi RF LLC in a supplemental complaint. R. Doc. 32.
[6] R. Doc. 1-1.

1

2019, Dr. Noar and Mederi removed the case to this Court based on diversity jurisdiction.[7]

As set forth in their initial complaint, Plaintiffs allege Mederi and Dr. Noar are "primarily responsible for designing, testing, taking to market, marketing, promoting, selling, labeling, formulating warnings and/or distributing Stretta,"[8] which they describe as a "procedure to treat gastroesophageal reflux disease."[9] Plaintiffs further claim that, in promoting Stretta, Defendants failed to warn of the procedure's possible dangers and side effects.[10] This, in turn, allegedly induced Wagner to undergo the Stretta procedure and suffer harm.[11] Accordingly, as made clear in Plaintiffs' most recent amended complaint,[12] Plaintiffs allege Mederi and Dr. Noar are liable under Louisiana Civil Code article 2315 for negligent misrepresentation and under Louisiana Revised Statute 40:625 for false advertising.[13] Although the complaint is in some respects ambiguous, Plaintiffs clearly and unequivocally state they do not bring any products liability causes of action against any Defendants.[14]

On August 12, 2019, Defendant Mederi filed the instant reurged motion to dismiss for failure to state a claim.[15] Mederi argues Plaintiffs' causes of action are barred by the Louisiana Products Liability Act (LPLA) because the LPLA establishes "the exclusive theories of liability for manufacturers for damage caused by their products."[16] Plaintiffs argue the LPLA does not bar their claims because their causes of action are based on

---

[7] R. Doc. 1. On May 15, 2019, the Court determined the case was properly before this Court based on diversity jurisdiction because Dr. Reiss—a nondiverse defendant—was improperly joined. R. Doc 22. On June 14, 2019, Dr. Reiss was voluntarily dismissed from the case. R. Doc. 35.
[8] R. Doc. 1-1 ¶ 15.
[9] *Id.* ¶ 2.
[10] *Id.* ¶ 22.
[11] *Id.*
[12] R. Doc. 43-1.
[13] *Id.*
[14] *Id.*
[15] R. Doc. 45.
[16] R. Doc. 45-1, at 2.

Mederi's negligent misrepresentation of the safety of the Stretta procedure and false advertising regarding the Stretta procedure, not damage done by a product Mederi manufactures.[17]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[21] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[22]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[23] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

[17] R. Doc. 46, at 2.
[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[20] *Id.*
[21] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[22] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[23] *Twombly*, 550 U.S. at 555.

show[n]'—that the pleader is entitled to relief."[24] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25]

## LAW AND ANALYSIS

Plaintiffs assert a cause of action against Mederi under Louisiana Civil Code article 2315 for negligent misrepresentation.[26] Louisiana Civil Code article 2315 provides, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[27] Claims for negligent misrepresentation under article 2315 are evaluated using the duty-risk analysis.[28] Under this analysis, a plaintiff must prove "the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached."[29]

Plaintiffs additionally bring a cause of action against Mederi under Louisiana Revised Statute 40:625, which provides, "it is unlawful for any person to disseminate false advertisement by any means for the purposes of inducing, directly or indirectly, the purchase of food, drugs, devices, or cosmetics."[30]

The LPLA took effect on September 1, 1988, and applies to causes of action that accrued on or after that date.[31] The LPLA establishes exclusive theories of liability plaintiffs may use against manufacturers for damages caused by their products. It provides, "A claimant may not recover from a manufacturer for damage caused by a

---

[24] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[25] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[26] R. Doc. 43-1.
[27] LA. CIV. CODE art. 2315.
[28] *Barrie v. V.P. Exterminators, Inc.*, 625 So. 2d 1007, 1015 (La. 1993).
[29] *Daye v. General Motors Corp.*, 97-1653 (La. 9/9/98), 720 So. 2d 654, 659.
[30] This claim for relief seems improper in this case because Stretta is not a "food, drug, device, or cosmetic." Nevertheless, because the parties did not present argument about this provision's application, other than the exclusivity of the LPLA, the Court will not now decide now whether it applies in this case.
[31] *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524 (5th Cir. 1995).

product on the basis of any theory not set forth in the LPLA."[32] Courts often dismiss claims against manufacturers that do not arise under the LPLA.[33]

Louisiana courts have recognized, however, that causes of action outside the LPLA are permissible against manufacturers, so long as the cause of action is not "for damage caused by a product" the manufacturer creates. For example, in *Stanley v. Wyeth, Inc.*, the Louisiana Court of Appeals for the First Circuit considered (though it ultimately dismissed on the merits) a plaintiff's negligent misrepresentation claim against a manufacturer.[34] The plaintiffs in *Stanley* used, and were allegedly harmed by, a generic version of a particular drug.[35] The plaintiffs then brought a negligent misrepresentation action against the manufacturer of the name brand version of the drug they used.[36] The plaintiffs did not allege they were harmed by a product the defendant manufactured— they never even mentioned the defendant's name brand product—but alleged only that they were harmed by negligent misrepresentations the defendant made about the drug.[37] Because the plaintiffs did not allege they were harmed by a "product" the defendant manufactured, the Louisiana First Circuit Court of Appeals held the LPLA did not bar their negligent misrepresentation claim under article 2315 against the defendant manufacturer.[38]

---

[32] LA. STAT. 9:2800.52.
[33] *Jefferson v. Lead Indus.,* 106 F.3d 1245, 1251 (5th Cir. 1997) (affirming dismissal of plaintiff's claims of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness, and civil conspiracy due to exclusivity of the LPLA); *Brown,* 852 F. Supp. at 9 (E.D. La. 1994) (dismissing plaintiff's claims for fraudulent misrepresentation, concealment, and conspiracy due to LPLA's exclusivity); *Grenier v. Med. Engineering Corp.,* 99 F.Supp.2d 759, 765–63 (W.D. La. 2000), *aff'd,* 243 F.3d 200 (5th Cir. 2001) (holding that plaintiff's claims for strict liability, negligence, breach of warranty of fitness for particular purpose, breach of implied warranty, misrepresentation, fraud by concealment, false advertising, negligent infliction of emotional distress, common plan to prevent public awareness of breast implant hazards, and future product failure were not cognizable under the LPLA).
[34] 2007-2080 (La. App. 1 Cir. 5/2/08), 991 So. 2d 31, 33.
[35] *Id.* at 32.
[36] *Id.*
[37] *Id.*
[38] *Id.* at 33.

In this case, as in *Stanley*, Plaintiffs' causes of action against Mederi for negligent misrepresentation and false advertising are not based on damage caused by a "product" Mederi manufactured. Instead, they are based on Mederi's representations of the safety of a medical procedure—Stretta. The LPLA defines "product" as "a corporeal movable that is manufactured for placement into trade or commerce, including a product that forms a component part of or that is subsequently incorporated into another product or an immovable."[39] Plaintiffs refer to Stretta as a procedure in their petition for damages[40] and argue that, because it is a procedure, they are not restricted to the LPLA.[41] Defendants also consistently refer to Stretta as a procedure.[42] Stretta is not a product under the LPLA's definition. Accordingly, Plaintiffs' actions against Mederi under article 2315 for negligent misrepresentation and under Louisiana Revised Statute 40:625 for false advertising are not barred by the LPLA.[43]

In its motion to dismiss, Mederi seeks to have all claims against it dismissed, but it has failed to establish Plaintiffs did not allege facts sufficient to satisfy an element of the negligent misrepresentation or false advertising claims. Instead, Mederi argues only that the LPLA bars these causes of action. Because the Court rejects this argument, Plaintiffs' negligent misrepresentation and false advertising claims remain.

---

[39] LA. STAT. 9:2800.53.
[40] R. Doc. 1-1 ¶ 2 ("On or about February 21, 2018, Michael Wagner, underwent a procedure known as Stretta . . . .").
[41] R. Doc. 46, at 2 ("[T]he Stretta procedure promoted by and advertised by Mederi is not a product under the Louisiana Products Liability Act.").
[42] R. Doc. 45-1 ("Mederi is the manufacturer of the surgical tool used in the Stretta procedure.").
[43] To the extent Plaintiffs bring any causes of action outside the LPLA against Mederi based on damage caused by one of its products, Defendants are correct—those claims are barred by the LPLA and dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, and to clarify the record, to the extent any claims were brought under the LPLA, **IT IS ORDERED** that the reurged motion to dismiss filed by Mederi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED IN PART**, and those claims are **DISMISSED WITH PREJUDICE**.[44]

**IT IS FURTHER ORDERED** that the reurged motion to dismiss filed by Mederi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED IN PART**, and Plaintiff's causes of action under Louisiana Civil Code article 2315 and Louisiana Revised Statute 40:625 remain.[45]

**IT IS FURTHER ORDERED** that Mederi's original motion to dismiss is **DENIED** as moot.[46]

**New Orleans, Louisiana, this 20th day of February, 2020.**

                                                  _____
                                                      **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 45.
[45] *Id.* The Court makes no finding regarding whether Plaintiffs have alleged facts sufficient to support each element of their negligent misrepresentation and false advertising claims. The Court finds only that those claims are not barred by the LPLA.
[46] R. Doc. 40.